UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>A1 ABATEMENT GROUP, INC.,<br><br>Defendant. | Case No. 25-cv-01930-DMR<br><br>**ORDER TO SHOW CAUSE AND VACATING THE OCTOBER 23, 2025 HEARING** |

Two motions are pending before the court: Plaintiffs'[1] July 2, 2025 motion for default judgment (Docket No. 16) and Defendant A1 Abatement Group, Inc.'s August 22, 2025 motion to set aside default judgment, which Defendant filed on its own behalf (Docket No. 22). A hearing on both motions is scheduled for October 23, 2025. [Docket No. 24.]

On August 25, 2025, the court explained that Defendant, as a corporate entity, cannot represent itself in this action and, as such, ordered Defendant to retain counsel and have counsel enter an appearance by September 26, 2025. [Docket No. 24; *see* Civ. L.R. 3-9(b); *DBeam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74.] On September 30, 2025, after no attorney appeared on Defendant's behalf, the court ordered Defendant to file a status report regarding its efforts to retain counsel. [Docket No. 30.] On October 14, 2025, at Defendant's request (Docket No. 33), the court extended the deadline to retain counsel to October 17, 2025 (Docket No. 34).

---

[1] Plaintiffs are the Board of Trustees of the Laborers Health and Welfare Trust Fund for Northern California, Board of Trustees of the Laborers Vacation-Holiday Trust Fund for Northern California, Board of Trustees of the Laborers Pension Trust Fund for Northern California and the Board of Trustees of the Laborers Training and Retraining Trust Fund for Northern California.

No counsel has appeared on Defendant's behalf and, as the court previously noted, Defendant has been afforded sufficient time to find an attorney. [Docket No. 34 at 1.] Accordingly, the court ORDERS the following:

1. **By November 4, 2025**, Defendant shall file a written response showing cause (1) why its motion to set aside default judgment should not be denied because it has not appeared through an attorney as required, and (2) why Defendant's opposition to Plaintiffs' motion for default judgment should not be stricken for the same reason. **Failure to timely file a response may result in Plaintiffs' motion for default judgment being granted and Defendant's motion to set aside default judgment being denied.**

2. The October 23, 2025 hearing on Plaintiffs' and Defendant's motions is VACATED.

**IT IS SO ORDERED.**

Dated: October 21, 2025

Donna M. Ryu
Chief Magistrate Judge