UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>A1 ABATEMENT GROUP, INC.,<br><br>        Defendant. | Case No.  25-cv-01930-RFL<br><br>**ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 50 |

Plaintiffs, four union trust funds, sued A1 Abatement Group, Inc. for failing to make fund contributions required by its collective bargaining agreement.  A1 initially failed to appear. After Plaintiffs sought default judgment, A1 attempted to oppose pro se.  Judge Ryu ordered A1 to obtain counsel because, as a corporation, it cannot appear pro se.  After several months and repeated warnings from Judge Ryu, A1 still had not appeared through counsel.  Default judgment was therefore entered against A1.  Now, A1 moves to set aside that judgment under Federal Rule of Civil Procedure 60(b)(1) and 60(b)(4).  For the reasons stated below, A1's motion is **DENIED**.  This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

***Void Judgment.***  A1 had actual notice of this case and failed to object to service until after default judgment was entered, so it "bears the burden of proving that service did not occur." *See S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007) (citations omitted). "[A] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *Id.*  A1 has not met that burden.

1

First, it is beside the point whether Plaintiffs made reasonably diligent attempts at personal service on A1 before resorting to substitute service.  The plain text of Cal. Civ. Proc. Code § 415.20(a) contains no such requirement.  *See Gimenez v. Gunnar Optiks, LLC*, No. 23-CV-0671-AGS, 2024 WL 166003, at *1–2 (S.D. Cal. Jan. 16, 2024) (collecting cases and declining to follow the small minority of cases applying such a requirement to service of entity defendants).

Second, A1 fails to prove that Coleen Byrne was not "apparently in charge" of A1's office.  *See* Cal. Civ. Proc. Code § 415.20(a).  The proof of service stated Byrne was an "Administrator."  (Dkt. No. 10 at 1.)[1]  That explains why the process server believed Byrne would deliver service to A1.  *Cf. Chinese Theater, LLC v. Starline Tours USA, Inc.*, 115 Cal. App. 5th 1048, 1060 (2025) (proof of service inadequate because it lacked person's title or other facts).  A1's evidence does not dispute that Byrne was an administrator for A1.  Instead, A1 submits evidence that Byrne was not in fact "authorized" or "given approval, designation, or instruction" to accept service here.  (Dkt. No. 50-1 ¶¶ 5–6; Dkt. No. 50-2 ¶¶ 4–5.)  That does not address whether Byrne was *apparently* in charge.  *See Chinese Theater*, 115 Cal. App. 5th at 1060 (defendant rebutted presumption of valid service by showing the person served was employed by a related entity as a bus washer).

Finally, Byrne's conclusory statement without any further detail that she "did not receive the summons and complaint in this action from any process server" is "insufficient to overcome . . . prima facie evidence of valid service."  (*See* Dkt. No. 50-2 ¶ 6; *craigslist, Inc. v. Hubert*, 278 F.R.D. 510, 513 & n.7 (N.D. Cal. 2011); *Internet Sols.*, 509 F.3d at 1167.)

***Excusable Neglect.***  Excusable neglect requires considering (1) prejudice to the plaintiff; (2) the meritoriousness of a defense; and (3) the culpability of the defendant's conduct. *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).  If any of those factors weigh against the defendant, the motion can be denied.  *Id.*  The

---

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

record indicates that A1 acted culpably by failing to retain counsel after being ordered to do so, despite repeated warnings and opportunities to do so.  *See Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 1000 (9th Cir. 2007).  A1 provides no evidence as to why it did not act earlier when ordered to do so.  Furthermore, A1 does not show a meritorious defense.  It states its records show "contributions were paid through at least November 2025," but that is a "mere general denial without facts to support it."  (*See* Dkt. No. 50-1 ¶¶ 13–14*; Franchise Holding*, 375 F.3d at 926 (citation omitted).)

**Conclusion.**  A1 has neither established insufficient service of process nor excusable neglect.  So its motion to set aside the default judgment is **DENIED**.


        **IT IS SO ORDERED.**

Dated: May 18, 2026


_____
RITA F. LIN
United States District Judge